CHRISTOPHER J. COX (Bar No. 151650)
chris.cox@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
Tel: (650) 802-3000
Fax: (650) 802-3100

JOSEPH S. ALLERHAND (to be admitted *pro hac vice*)
joseph.allerhand@weil.com
ROBERT F. CARANGELO (to be admitted *pro hac vice*)
robert.carangelo@weil.com
STACY NETTLETON (to be admitted *pro hac vice*)
stacy.nettleton@weil.com
MATTHEW E. K. HOWATT (to be admitted *pro hac vice*)
matthew.howatt@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007

Attorneys for Defendants
AMERICAN INTERNATIONAL GROUP, INC.
and DAVID L. HERZOG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN INTERNATIONAL GROUP, INC., MARTIN J. SULLIVAN, STEVEN J. BENSINGER, JOSEPH CASSANO, ANDREW FORSTER, THOMAS PETER ATHAN, ALAN FROST, DAVID L. HERZOG, and ROBERT LEWIS,<br><br>Defendants. | Case No. 13-CV-3653 JSW<br><br>**DEFENDANT AMERICAN INTERNATIONAL GROUP INC.'S MOTION TO TRANSFER VENUE TO S.D.N.Y PURUSANT TO 28 U.S.C. § 1404**<br><br>Honorable Jeffrey S. White<br><br>Date: April 25, 2014<br>Time: 9:00 a.m.<br>Place: Courtroom 11, 19th Floor<br>Judge: Hon. Jeffrey S. White |

# TABLE OF CONTENTS

STATEMENT OF ISSUES TO BE DECIDED .................................................................................. 1

SUMMARY OF THE ARGUMENT ............................................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 3

I. STATEMENT OF FACTS ...................................................................................................... 3

    A. Plaintiff ............................................................................................................................. 3

    B. Defendants ........................................................................................................................ 4

    C. Procedural History ........................................................................................................... 4

        1. The AIG Class Action ................................................................................................. 4

        2. The SDNY Individual Actions .................................................................................... 6

        3. This Case ..................................................................................................................... 6

II. ARGUMENT ............................................................................................................................ 7

    A. The "Convenience" Factors Weigh In Favor Of Transfer ............................................... 7

        1. Plaintiff's Choice Of Forum Should Be Afforded Little Deference ........................... 7

        2. New York Is The Most Convenient Forum For The Parties And Witnesses ............. 9

        3. The SDNY Has The Greater Ease Of Access To Sources Of Proof ......................... 10

        4. New York Has The Strongest Local Interest In the Controversy ............................. 11

        5. The SDNY Is Already Familiar With This Case ...................................................... 11

        6. This Case Will Benefit From Coordination With The Pending SDNY
           Actions ....................................................................................................................... 12

    B. The "Interest of Justice" Weighs In Favor Of Transfer .................................................. 12

CONCLUSION .............................................................................................................................. 13

**TABLE OF AUTHORITIES**

**CASES**                                                                                                                 **PAGE(S)**

*Bristol-Myers Squibb Co. v. Genentech*,
    2013 WL 3829599 (N.D. Cal. July 23, 2013)......................................................................................7

*Center for Food Safety v. Vilsack*,
    2011 WL 996343 (N.D. Cal. Mar. 17, 2011).................................................................................7, 8

*Cluck v. IKON Office Solutions, Inc.*,
    2012 WL 1610789 (N.D. Cal. May 8, 2012)................................................................................7, 13

*Cohn v. Oppenheimerfunds, Inc.*,
    2009 WL 3818365 (S.D. Cal. Nov. 12, 2009) ....................................................................................12

*Foster v. Nationwide Mut. Ins. Co.*,
    2007 WL 4410408 (N.D. Cal. Dec. 14, 2007)............................................................................. 10-12

*Gerin v. Aegon USA, Inc.*,
    2007 WL 1033472 (N.D. Cal. Apr. 4, 2007) ......................................................................................8

*Glaxo Grp. Ltd. v. Genentech, Inc.*,
    2010 WL 1445666 (N.D. Cal. Apr. 12, 2010) ..............................................................................12, 13

*In re Am. Int'l Grp. Deriv. Litig.*,
    700 F. Supp. 2d 419 (S.D.N.Y. 2010), *aff'd*, 415 F. App'x 285 (2d Cir. 2011).........................4

*In re Funeral Consumers Antitrust Litig.*,
    2005 WL 2334362 (N. D. Cal. Sept. 23, 2005) .................................................................................12

*In re Yahoo! Inc.*,
    2008 WL 707405 (C.D. Cal. Mar. 10, 2008)........................................................................................8

*Jarvis v. Marietta Corp.*,
    1999 WL 638231 (N.D. Cal. Aug. 12, 1999) ................................................................................ 9-11

*Pac. Coast Fed'n v. Gutierrez*,
    2006 WL 194507 (N.D. Cal. Jan. 24. 2006) ......................................................................................12

*Police & Fire Ret. Sys. of Detroit v. IndyMac, MBS, Inc.*,
    721 F.3d 95 (2d Cir. 2013).................................................................................................................3, 8

*Rainin Instrument, LLC v. Gilson, Inc.*,
    2006 WL 708660 (N.D. Cal. Mar. 16, 2006)................................................................................ 12, 13

*Ruiz v. Affinity Logistics Corp.*,
    2005 WL 5490240 (N.D. Cal. Nov. 7, 2005) ......................................................................................8

*Schmid Labs., Inc. v. Hartford Acc. & Indem. Co.*,
    654 F. Supp. 734 (D.D.C. 1986) ............................................................................................................9

*Shalaby v. Newell Rubbermaid, Inc.*,
    2007 WL 3144357 (N.D. Cal. Oct. 24, 2007).......................................................................................7

*Ward v. Fluor Enter., Inc.*,
    2011 WL 778720 (N.D. Cal. Mar. 1, 2011).........................................................................................10

*Yang v. Odom*,
    409 F. Supp. 2d 599 (D.N.J. 2006) ...........................................................................................8

**STATUTES**

28 U.S.C. § 1404(a) ........................................................................................................... *passim*

**TO PLAINTIFF THE REGENTS OF THE UNIVERSITY OF CALIFORNIA**:

PLEASE TAKE NOTICE that on April 25, 2014 at 9:00 a.m. or as soon thereafter as the matter can be heard in Courtroom 11 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant American International Group, Inc. ("AIG"), joined by Defendants Martin J. Sullivan, Steven J. Bensinger, Joseph Cassano, Andrew Forster, Thomas Peter Athan, Alan Frost, David L. Herzog and Robert Lewis (collectively, the "Individual Defendants," and together with AIG, "Defendants") shall move the Court for an Order pursuant to 28 U.S.C. § 1404(a) to transfer this action from the Northern District of California (this "District") to the Southern District of New York (the "SDNY") ( this motion, "AIG's Transfer Motion").  This motion is based upon this Notice of Motion and accompanying Memorandum of Points and Authorities in support thereof, as well as the Declaration of Stacy Nettleton, Esq. in Support of AIG's Transfer Motion ("Decl.") and the exhibits attached thereto ("Ex.").

## STATEMENT OF ISSUES TO BE DECIDED

Defendant AIG, joined by the Individual Defendants, requests an order transferring this action from this District to the SDNY pursuant to 28 U.S.C. § 1404(a).

## SUMMARY OF THE ARGUMENT

This action was brought by the Regents of the University of California ("Plaintiff"), a purported member of the putative class in *In re American International Group, Inc. 2008 Securities Litigation*, No. 08-CV-4772, pending in the SDNY (the "AIG Class Action").  Like the AIG Class Action, the Complaint here alleges that Defendants made false and misleading public statements about AIG's exposure to the subprime mortgage market between 2006 and 2008 in violation of the federal securities laws.  The Complaint here is nearly a carbon copy of the complaint in the AIG Class Action—531 paragraphs of the 558-paragraph Complaint are substantially similar to the allegations in the AIG Class Action complaint, while the remaining paragraphs mainly relate to identifying Plaintiff (defined below).

For the past nearly five years, the Honorable Laura Taylor Swain has presided over the AIG Class Action and other related actions arising from the same set of facts, including a consolidated ERISA class action and a consolidated shareholder derivative action that was dismissed.  Judge Swain also oversees *seven* related securities fraud cases raising nearly identical claims as those at issue in the AIG Class Action and this case, which were also brought by purported members of the putative class.  In fact, other than this action (and a nearly identical action filed in the United States District Court for the Northern District of Illinois on the same day by the same Plaintiff's counsel), all of the securities actions filed against AIG raising similar factual allegations have been filed in the SDNY.  This is not surprising given that:  (1) AIG is headquartered in New York; (2) All of the alleged misleading statements purportedly emanated from AIG in New York; (3) Much of the alleged misconduct supposedly took place in New York; and (4) Almost all of the principal witnesses are located in New York.  In short, the SDNY is the locus of the material events in these cases and the most appropriate and convenient forum for the parties and witnesses.

Judge Swain has five years of experience considering the exact same factual and legal issues raised here, including the valuation of and disclosures concerning complex derivatives like credit default swaps and residential mortgage-backed securities, AIG's securities lending program (involving tens of billions of dollars), AIG's liquidity crisis, and its ultimate rescue in September

2008 by the Federal Reserve. Judge Swain has issued decisions addressing these issues on defendants' motions to dismiss and motion for judgment on the pleadings in the AIG Class Action. And she has overseen the extensive fact discovery in the AIG Class Action, which has involved, among other things, the production of over 36 million pages of documents and over sixty depositions. She also held a protracted evidentiary hearing on AIG's markets and securities in the context of class certification.

There is no reason for this case to remain an outlier and not be joined for coordination with the ongoing litigation before Judge Swain in the SDNY. None of the purported misconduct is alleged to have occurred in California and none of the Defendants or defense witnesses reside in California. Courts in this Circuit and elsewhere have routinely transferred actions pursuant to Section 1404(a) where, as here, all other related litigation is pending in another forum that is the locus of the alleged wrongdoing and is clearly more convenient for the parties and witnesses.

Moreover, it appears that Plaintiff's decision to file in this District rather than the SDNY was a futile attempt to avoid the Second Circuit's recent decision in *Police & Fire Retirement System of Detroit v. IndyMac, MBS, Inc.*, 721 F.3d 95 (2d Cir. 2013), *petition for cert. filed*, No. 13-640, 13A270 (Nov. 22, 2013), which bars essentially the entirety of its Section 10(b) claims under the applicable five year statute of repose. While the bulk of Plaintiff's claims may be equally barred in the Ninth Circuit (though there is no Ninth Circuit case directly addressing the issue), Plaintiff's forum-shopping to avoid controlling precedent also weighs in favor of transfer.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   STATEMENT OF FACTS**[1]

**A.   Plaintiff**

Plaintiff is alleged to be a corporation established under the California Constitution. Compl. ¶ 35. Plaintiff administers the University of California. *Id*. Plaintiff alleges that it purchased AIG securities during the period from March 16, 2006 to September 16, 2008 (the "Relevant Period"). *Id.* ¶¶ 548.

---

[1] AIG accepts the allegations of the Complaint as true solely for purposes of AIG's Motion to Transfer, and reserves the right to challenge those allegations at the appropriate time.

### B.  Defendants

Defendant AIG is a holding company incorporated under Delaware law whose subsidiaries provide insurance and financial services.  *Id.* ¶ 36.  AIG's principal place of business is in New York, New York.  *Id.*  AIG's shares are, and during the Relevant Period were, traded publicly on the New York Stock Exchange.  *Id.*

The Individual Defendants are current or former directors or officers of AIG or AIG's subsidiary, AIG Financial Products Corp. ("AIGFP").  *Id.* ¶¶ 37-46.  During the Relevant Period, AIGFP was headquartered in Wilton, Connecticut and had offices in, among other places, London, England, but not in California.  *Id.* ¶ 4.  None of the Individual Defendants resided in California during the Relevant Period or reside there now.  The Individual Defendants' primary residences were and are, New York (Martin Sullivan, Stephen Bensinger and Robert Lewis), New Jersey (David Herzog), Connecticut (Thomas Peter Athan and Alan Frost), and London, England (Joseph Cassano and Andrew Forster).  Decl. ¶ 2.

While Plaintiff alleges generally that "Defendants transacted business in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District" (Compl. ¶ 33), the Complaint is actually devoid of any factual allegations—not one—linking Defendants or any of the alleged misconduct at issue to California.

### C.  Procedural History

#### 1.  The AIG Class Action

Beginning in May 2008, eight putative class actions were filed in the SDNY against AIG and some of the Individual Defendants alleging violations of the Securities Exchange Act of 1934 ("Exchange Act") and the Securities Act of 1933 ("Securities Act") arising out of statements in AIG's public disclosures concerning its subprime exposure and related losses.  *Id.* ¶ 506.[2]

---

[2] In addition, based on similar factual allegations, two shareholder derivative actions and eight actions alleging violations of the Employee Retirement Income Security Act of 1974 were filed and separately consolidated before Judge Swain.  Compl. ¶¶ 506-07.  The consolidated derivative action was subsequently dismissed by Judge Swain.  *See In re Am. Int'l Grp. Deriv. Litig.*, 700 F. Supp. 2d 419 (S.D.N.Y. 2010), *aff'd*, 415 F. App'x 285 (2d Cir. 2011).

1   On March 20, 2009, Judge Swain consolidated the purported securities class actions and
2 appointed a lead plaintiff for the putative class (the "Lead Plaintiff").  *Id*. ¶¶ 506-07.  On May 19,
3 2009, Lead Plaintiff filed a 284-page, 701-paragraph complaint (the "Class Action Complaint")
4 asserting Exchange Act and Securities Act claims against 62 defendants, including all of the
5 Defendants in this action.  *Id.* ¶ 508; *see also* Ex. 1.[3]  In essence, the Class Action Complaint alleges
6 that defendants concealed the true extent of AIG's subprime exposure and losses as well as
7 weaknesses in its internal controls in the three years leading up to AIG's rescue by the Federal
8 Reserve on September 16, 2008.  Compl. ¶ 508.

9   All defendants (except Mr. Athan) filed motions to dismiss.  The briefing in connection with
10 the motions (including briefs, declarations and exhibits) totaled over two thousand pages.  On
11 September 27, 2010, Judge Swain denied defendants' motions to dismiss.  *Id*.

12   For the next three years, the parties to the AIG Class Action engaged in extensive discovery
13 and motion practice.  During fact discovery, 36 million pages of documents were produced,
14 including more than 19 million pages by AIG (Decl. ¶ 3), and the parties conducted over sixty
15 depositions of fact and expert witnesses (*id.* ¶ 5).  Forty-five fact witnesses were deposed (excluding
16 Lead Plaintiff or its affiliates), including all of the Individual Defendants in this action except Mr.
17 Herzog.  *See id.*; Ex. 2.  All of those depositions except two took place in New York.  *Id.*  No fact
18 witness deposition took place in California.  *See id.*

19   There has also been comprehensive motion practice with respect to discovery issues, motions
20 for judgment on the pleadings and class certification.  The case is still pending.[4]

---

[3] Subsequently, Thomas Peter Athan was voluntarily dismissed as a defendant in the Securities Class Action pursuant to a tolling agreement.  *See* Ex. 3 (Dkt. Nos. 109, 116, 125).

[4] Following extensive briefing on Lead Plaintiff's motion for class certification (*see* Compl. ¶ 509; *see also* Ex. 3 (Dkt. Nos. 339-42, 350-56, 362, 370-72, 382-86)), the Court heard oral argument and expert testimony regarding class certification on April 29-30 and May 1, 2013.  *See id.* (Dkt. Nos. 419, 421, 423).  On September 23, 2013, Judge Swain terminated the class certification motion without prejudice to reinstatement after the parties requested that the current motion practice be stayed temporarily.  *Id.* (Dkt. No. 431).  Under Case Management Order No. 4, expert discovery and summary judgment briefing is triggered off of Judge Swain's decision on class certification.  *Id.* (Dkt. No. 397).

### 2. The SDNY Individual Actions

Between November 18, 2011 and September 16, 2013, seven individual cases asserting substantially similar claims to those in the AIG Class Action were filed in the SDNY against AIG, the Individual Defendants (except for Mr. Athan) and, in some cases, other defendants (collectively, the "SDNY Individual Actions").[5] The complaints in these actions are near copycats of the Class Action Complaint and contain virtually the same factual allegations.

### 3. This Case

Despite the fact that all of the material events alleged in the Complaint occurred between 2006 and 2008—including the well-publicized federal rescue of AIG on September 16, 2008—and despite the pendency of the AIG Class Action and numerous other related litigations in New York, Plaintiff delayed filing its Complaint in this action. Specifically, the Complaint was filed on August 6, 2013—exactly five years (equal to the statute of repose period for Exchange Act claims) from the last set of alleged misrepresentations in the Class Action Complaint and in Plaintiff's Complaint here. Ex. 1 ¶¶ 412-22 (describing alleged misrepresentation in AIG's Form 10-Q, filed Aug. 6, 2008, and investor call held on Aug. 7, 2008); *see also* Compl. ¶¶ 378-88 (describing same)). Like the Class Action Complaint, the Complaint here asserts claims under Section 10(b) and Section 20(a) of the Exchange Act (*id.* ¶¶ 511-38). The Complaint also includes new causes of action for (i) common law fraud (*id.* ¶¶ 539-50), and (ii) unjust enrichment (*id.* ¶¶ 551-58). Plaintiff expressly seeks to apply *American Pipe* tolling to make all of its claims timely based on the pending AIG Class Action. *Id.* ¶¶ 505-10.

All of the Complaint's claims are based on nearly identical factual allegations to those in the Class Action Complaint, including alleging the same Relevant Period. *See* Ex. 4. In fact, 531 paragraphs of the 558-paragraph Complaint are substantially similar to the allegations in the Class

---

[5] *Kuwait Inv. Auth. v. AIG, Inc.*, No. 11-CV-8403 (S.D.N.Y. Nov. 18, 2011); *Oppenheimer Equity Funds, Inc. v. AIG, Inc.*, No. 12-CV-523 (S.D.N.Y. Jan. 20, 2012); *British Coal Staff Superannuation Scheme v. AIG, Inc.*, No. 12-CV-4555 (S.D.N.Y. Jun. 11, 2012); *Pac. Life Funds v. AIG, Inc.*, No. 12-CV-6071 (S.D.N.Y. Aug. 8, 2012); *Teachers Ret. Sys. of the State of lll. v. AIG, Inc.*, No. 13-CV-3377 (S.D.N.Y. May 17, 2013); *Stichting Pensioenfonds Metalektro v. AIG, Inc.*, No. 13-CV-6502 (S.D.N.Y. Sept. 13, 2013); *GIC Private Ltd. v. AIG, Inc.*, No. 13-CV-6565 (S.D.N.Y. Sept. 16, 2013).

Action Complaint. *Id.* The remaining paragraphs include the new counts above, the Complaint's preamble (*id.* at 1-2), paragraphs identifying Plaintiff (*id.* ¶ 35), and paragraphs asserting tolling allegations (*id.* ¶¶ 505-10). There are essentially no new factual allegations of wrongdoing in the Complaint.[6]

## II. ARGUMENT

Section 1404(a) provides a district court with broad discretion to transfer a case "[f]or the convenience of the parties and witnesses, in the interest of justice," "to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Clearly, the SDNY is a district where this action might have been brought, so the only issue before this Court is whether a transfer is appropriate under the relevant factors.

To determine whether "convenience" favors transfer, "the Court may consider the following factors: (1) a plaintiff's choice of forum; (2) convenience of the parties and witnesses; (3) ease of access to sources of proof; (4) local interest in the controversy; (5) familiarity of each forum with the applicable law; and (6) relative congestion in each forum." *Cluck v. IKON Office Solutions, Inc.*, 2012 WL 1610789, at *2 (N.D. Cal. May 8, 2012) (White, J.). "In addition to these convenience factors, the Court considers whether transferring the action would serve the interests of justice." *Center for Food Safety v. Vilsack*, 2011 WL 996343, at *6 (N.D. Cal. Mar. 17, 2011) (White, J.); *see also Bristol-Myers Squibb Co. v. Genentech*, 2013 WL 3829599, at *4 (N.D. Cal. July 23, 2013) (transferring case primarily because of interest of justice).

### A. The "Convenience" Factors Weigh In Favor Of Transfer

#### 1. Plaintiff's Choice Of Forum Should Be Afforded Little Deference

"[A] plaintiff's choice of forum should be given less weight when it is not 'the place where the operative facts of the action occurred,'" even if a plaintiff resides there. *Shalaby v. Newell*

---

[6] On the same day that this lawsuit was filed, Plaintiff's counsel, Lieff Cabraser, also filed a complaint asserting nearly identical allegations against the same defendants in the Northern District of Illinois on behalf of 25 Nuveen investment funds ("Dow 30"). Ex. 5 (the "Dow 30 Compl."); *see also* Ex. 6 (comparing two complaints). As noted above, this case and Dow 30 are the *only* individual securities actions that have been filed outside of the SDNY to date. For essentially the same reasons as set forth herein, Defendants also moved today to transfer Dow 30's case to the SDNY.

*Rubbermaid, Inc.*, 2007 WL 3144357, at *6 (N.D. Cal. Oct. 24, 2007) (citation omitted); *see also Ruiz v. Affinity Logistics Corp.*, 2005 WL 5490240, at *2 (N.D. Cal. Nov. 7, 2005) (White, J.) ("If the operative facts have not occurred within the forum of original selection . . . [a] plaintiff's choice is only entitled to minimal consideration.") (internal quotations and citation omitted).  Plaintiff's choice of forum should be given little deference.   Nearly all of the alleged wrongdoing in the Complaint took place in New York, including the crux of the purported fraud—the dissemination of allegedly false and misleading statements by AIG in New York.

"Because this is a securities fraud action, plaintiffs' claims are based on defendants' alleged misrepresentations and omissions, which are deemed to occur in the district where they are transmitted or withheld, not where they are received." *In re Yahoo! Inc.*, 2008 WL 707405, at *8 (C.D. Cal. Mar. 10, 2008) (internal quotations and citation omitted).  Here, the alleged misleading information was largely prepared and disseminated by AIG in New York.  In contrast, absolutely *no* misconduct is alleged to have occurred in California.  Where, as here, "the operative facts giving rise [to Plaintiff's claims] did not occur in this district . . . [it] giv[es] this district no particular interest in this litigation." *Center for Food Safety*, 2011 WL 996343, at *6.  Moreover, Plaintiff's choice of forum should be discounted because there are *eight* related litigations, raising the exact same allegations, pending in the SDNY.

Finally, Plaintiff's choice of forum should be given little deference to the extent Plaintiff is forum shopping to avoid the potential impact of *IndyMac*, a recent decision by the Second Circuit that would bar most of its claims.  In *IndyMac*, an appeal brought by Plaintiff's named counsel, the Second Circuit held that the repose period for claims under the federal securities laws cannot be tolled.  721 F.3d at 109.  While Plaintiff's claims may be equally barred in the Ninth Circuit (the Ninth Circuit has not squarely addressed the issue), it strongly appears that Plaintiff is trying to elude *IndyMac* in the hopes of obtaining a more favorable result in a different jurisdiction.  *See* Compl. ¶¶ 505-10 (pleading that Plaintiff's claims are tolled).  This also weighs against Plaintiff.  *See Gerin v. Aegon USA, Inc.*, 2007 WL 1033472, at *7 (N.D. Cal. Apr. 4, 2007) (plaintiff's forum choice accorded "little deference" if there is "any indication that plaintiff's choice of forum is the result of

forum shopping."); *see also Yang v. Odom*, 409 F. Supp. 2d 599, 603 (D.N.J. 2006) (transferring securities case where "Plaintiffs chose to wait until the statute of limitations on their claims had long expired" in the other forum and chose "a district which has very little connection to this dispute"); *Schmid Labs., Inc. v. Hartford Acc. & Indem. Co.*, 654 F. Supp. 734, 737 (D.D.C. 1986) (transfers appropriate to curtail forum choices made "exclusively or primarily to obtain or avoid specific precedents, particularly in circumstances such as these where the relevant law is unsettled and the choice of forum may well dictate the outcome of the case.").

### 2. New York Is The Most Convenient Forum For The Parties And Witnesses

The SDNY is the most convenient forum for almost all of the parties and witnesses, including non-party witnesses. Defendant AIG is located in New York. *See* Compl. ¶ 36. Almost all of the Individual Defendants reside in or close to New York. Decl. ¶ 2. No Defendant is located in California. *See id.*; Compl. ¶ 36. Almost all of the fact witness depositions (excluding those of Lead Plaintiff and its representatives) took place in New York, including some of the main witnesses in the case, such as, for example, all of the Individual Defendants (except Mr. Herzog, who was not deposed). *See* Decl. ¶ 5; Ex. 2. Ten of the twelve witnesses deposed outside of New York were experts or associated with Lead Plaintiff, witnesses with no direct knowledge of the supposed misconduct. Decl. ¶ 5; Ex. 2. The other two witnesses were deposed in Vermont and Virginia. Decl. ¶ 5; Ex. 2.

All Defendants have New York-based counsel who have been litigating these claims for five years. It would clearly be burdensome and costly for Defendants to hire local California counsel (who lack familiarity with the issues) and force Defendants to litigate not only in an inconvenient foreign jurisdiction, but also on multiple fronts (the SDNY and California). It would likewise be costly and inconvenient to obtain the attendance of witnesses in California, especially for those who reside primarily outside the United States. *See Jarvis v. Marietta Corp.*, 1999 WL 638231, at *2 (N.D. Cal. Aug. 12, 1999) (transferring action to Northern District of New York where parties were already litigating a related claim in New York state court and "[f]urther, of the witnesses identified

1  in the parties' initial disclosures, a majority are located either in New York, the eastern United States
2  or Canada. . . .  Finally, many of the witnesses provided by Defendant are current Marietta
3  employees.").

4  　　　　The only local witnesses, and the only witnesses for whom this forum is more convenient,
5  are presumably those associated with Plaintiff (though if Plaintiff relied on any third-party
6  investment advisors their location is currently unknown to Defendants, and it is worth noting that
7  some of Plaintiff's counsel in this action are based in New York).  But Plaintiff's location is not
8  decisive.  Defendants and their witnesses will be key to Plaintiff's claims, particularly with regard to
9  the facts underlying the statements at issue and, for the foregoing reasons, the SDNY is the more
10 convenient forum.

11 　　　　**3.　　The SDNY Has The Greater Ease Of Access To Sources Of Proof**

12 　　　　Almost all of AIG's present and former employees relevant to this action are in New York.
13 *See Jarvis,* 1999 WL 638231, at *2 (transferring case where, *inter alia*, "the majority of documents .
14 . . are located at Marietta's New York headquarters"); *Foster v. Nationwide Mut. Ins. Co.,* 2007 WL
15 4410408, at *6 (N.D. Cal. Dec. 14, 2007) ("'[D]ocuments pertaining to defendants' business
16 practices are most likely to be found at their principal place of business.'") (citation omitted).
17 Indeed, the merits depositions conducted in the AIG Class Action underscore the New York
18 connection.  Excluding Lead Plaintiff's representatives and its affiliates, forty-five fact witnesses
19 were deposed, including all of the Individual Defendants in this matter except Mr. Herzog.  *See* Ex.
20 2; Decl. ¶ 5.  Forty-three of those forty-five fact witness depositions, including the depositions of
21 each of the Individual Defendants (except Mr. Herzog), took place in New York—none of them took
22 place in California.  *See* Ex. 2; Decl. ¶ 5.  Moreover, almost all of the relevant documents, including
23 from AIGFP in Wilton, Connecticut and London, England, have already been collected in
24 connection with the AIG Class Action and are in the possession of AIG's attorneys in New York.
25 Decl. ¶ 4.

26 　　　　"[W]hile 'developments in electronic conveyance have reduced the cost of document transfer
27 somewhat, the cost of litigation will be substantially lessened if the action is venued in the same
28

DEFENDANT AIG'S MOTION TO TRANSFER VENUE TO S.D.N.Y　　　10　　　CASE NO. 13-CV-3653 JSW

US_ACTIVE:\44396386\1\14430.0044

district where most of the documentary evidence is found'"—the SDNY. *Foster,* 2007 WL 4410408, at * 6 (citation omitted); *see also Ward v. Fluor Enter., Inc.*, 2011 WL 778720, at *4 (N.D. Cal. Mar. 1, 2011) ("the possibility that documents can be produced electronically does not alter the conclusion that the cost of litigation will likely be less if the case were venued in the forum where the evidence is located"). It will be demonstrably easier for the parties and relevant witnesses to appear for proceedings and trial in the SDNY than in California. Thus, the SDNY has greater access to the sources of proof.

### 4. New York Has The Strongest Local Interest In the Controversy

As discussed above, the only connection between this case and California is Plaintiff's principal place of business. *See* Compl. ¶ 35. In contrast, New York is the primary location of the material events in this case and where the impugned disclosures were prepared and disseminated from. *See Jarvis*, 1999 WL 638231, at *7 ("While California does have an interest in protecting its citizens . . . New York has a greater local interest in the controversy" because documents, witnesses, and underlying events took place in New York). Additionally, as the Complaint concedes, various New York-based regulators monitored AIG relating to the events at issue during the Relevant Period. *See* Compl. ¶¶ 182, 188 (New York State Insurance Superintendent); *id.* ¶¶ 190, 193, 497 (Federal Reserve Bank of New York); *id.* ¶ 195 (New York State Attorney General). As these facts and the numerous related AIG litigations in the SDNY attest, New York has a profound interest in adjudicating this matter.

### 5. The SDNY Is Already Familiar With This Case

While the SDNY and this Court are equally familiar with claims under Sections 10(b) and 20(a) of the Exchange Act—which are the primary claims in this case—Judge Swain has five years-worth of familiarity with the challenging underlying factual allegations in this case. She has conducted detailed analyses of many of those issues on multiple occasions, including in her decisions on defendants' motions to dismiss and motions for judgment on the pleadings in the AIG Class Action. While Plaintiff here also asserts certain common law claims, the factual allegations underpinning those claims are identical to those supporting the federal securities laws claims with

1 which Judge Swain is intimately familiar.  Moreover, Plaintiff should not be allowed to get around

2 transfer based on tactical pleading.  Putting aside which state's law will ultimately apply to

3 Plaintiff's state law claims, "other federal courts are fully capable of applying California law."

4 *Foster,* 2007 WL 4410408, at *6; *see also In re Funeral Consumers Antitrust Litig.*, 2005 WL

5 2334362, at *6 (N. D. Cal. Sept. 23, 2005) (holding that "pendency of a supplemental state-law

6 claim should not override the indicated result" if federal claims are better served in transferee

7 forum).

8       **6.**      **This Case Will Benefit From Coordination With The Pending SDNY Actions**

9

10       This Court could, of course, become conversant with the complex facts and issues in this

11 case.  Yet Judge Swain's extensive experience with those facts and issues likely means that Judge

12 Swain can manage this case more easily, expeditiously and inexpensively than any judge lacking her

13 five-year head start.  The proceedings in this case, including motion practice, discovery and trial,

14 will also benefit from coordination with the pending AIG Class Action and the seven SDNY

15 Individual Actions overseen by the same Judge and Magistrate.  *See Glaxo Grp. Ltd. v. Genetech,*

16 *Inc.*, 2010 WL 1445666, at *3 (N.D. Cal. Apr. 12, 2010) ("transferring this related action to the same

17 court [as prior related cases] is the most effective administration of justice."); *see also Cohn v.*

18 *Oppenheimerfunds, Inc.*, 2009 WL 3818365, at *6 (S.D. Cal. Nov. 12, 2009) (transferring securities

19 opt-out case with certain unique issues to forum where class actions and other related litigation were

20 pending for "the possible consolidation of discovery and the conservation of time, energy and

21 money, and the avoidance of the possibility of inconsistent judgments").

22       **B.**      **The "Interest of Justice" Weighs In Favor Of Transfer**

23       For the same reasons as the foregoing factor, this prong clearly and decisively favors transfer.

24 "'[T]he pendency of a similar action in the transferee court is a universally recognized reason for

25 granting a change of venue.'" *Pac. Coast Fed'n v. Gutierrez*, 2006 WL 194507, at *2 (N.D. Cal. Jan.

26 24. 2006) (citation omitted); *see also Rainin Instrument, LLC v. Gilson, Inc.*, 2006 WL 708660, at *4

27 (N.D. Cal. Mar. 16, 2006) (White, J.) (transferring case in the "interest of justice," where, two

28

DEFENDANT AIG'S MOTION TO TRANSFER VENUE TO S.D.N.Y     12     CASE NO. 13-CV-3653 JSW

US_ACTIVE:\44396386\1\14430.0044

1  related matters were pending in transferee district and, thus, it was "intimately familiar with the
2  issues and evidence central to this case").
3      From the extensive prior related litigation involving AIG in their courts, the Judge and
4  Magistrate in the SDNY have "expertise" with the central allegations and legal issues, which "can
5  only promote the efficient resolution of this conflict." *Glaxo*, 2010 WL 1445666, at * 3.  Indeed, the
6  Complaint is a virtual duplicate of the Class Action Complaint.  *See* Ex. 4.  Moreover, transferring
7  this case to the SDNY, where it can be heard alongside the eight other related cases, would avoid the
8  risk of inconsistent rulings on the same claims and factual allegations.  *See Cluck*, 2012 WL
9  1610789, at *3 ("'Litigation of related claims in the same tribunal is strongly favored because it
10 facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoids
11 duplic[ative] litigation and inconsistent results.'") (citation omitted; alteration in original).  Rather
12 than this Court expending the time and effort to get up to speed on the complex merits issues in this
13 case, "the interests of justice and conservation of resources of both the judicial system and the
14 parties would be strongly served by transferring this matter to [the SDNY]." *Rainin*, 2006 WL
15 708660, at *4.

## **CONCLUSION**

17 For the foregoing reasons, this case should be transferred to the SDNY pursuant to Section
18 1404(a).

Dated:  December 23, 2013            WEIL, GOTSHAL & MANGES LLP

By:   /s/ *Christopher J. Cox*
      Christopher J. Cox
      Joseph S. Allerhand (to be admitted *pro hac vice*)
      Robert F. Carangelo (to be admitted *pro hac vice*)
      Stacy Nettleton (to be admitted *pro hac vice*)
      Matthew E. K. Howatt (to be admitted *pro hac vice*)

      Counsel for Defendants
      AMERICAN INTERNATIONAL
      GROUP, INC. and DAVID L. HERZOG

By their undersigned counsel, the following Individual Defendants hereby join AIG's Transfer Motion and agree that, for the reasons set forth above, the case should be transferred to the SDNY.

Dated: December 23, 2013

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Lee G. Dunst*
Lee G. Dunst
F. Joseph Warin

Counsel for Defendant
JOSEPH CASSANO

Dated: December 23, 2013

MAYER BROWN LLP

By: /s/ *Bradford Jealous, III*
Richard A. Spehr
Joseph De Simone
Bradford Jealous, III

Counsel for Defendant
STEVEN J. BENSINGER

Dated: December 23, 2013

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ *Jamison A. Diehl*
Robert H. Pees
Jamison A. Diehl

Counsel for Defendant
MARTIN J. SULLIVAN

Dated: December 23, 2013

LATHAM & WATKINS LLP

By: /s/ *Richard D. Owens*
Richard D. Owens
Sadie Holzman Diaz
Aaron Goldberg

Counsel for Defendant
ANDREW FORSTER

| | |
|---|---|
| Dated: December 23, 2013 | MILBANK, TWEED, HADLEY & MCCLOY LLP |
| | By: /s/ *Dorothy Heyl* <br> Thomas Arena <br> Dorothy Heyl |
| | Counsel for Defendant <br> ALAN FROST |
| Dated: December 23, 2013 | WILLKIE FARR & GALLAGHER LLP |
| | By: /s/ *Antonio Yanez, Jr.* <br> Michael R. Young <br> Antonio Yanez, Jr. <br> Mei Lin Kwan-Gett |
| | Counsel for Defendant <br> ROBERT LEWIS |
| Dated: December 23, 2013 | DEBEVOISE & PLIMPTON LLP |
| | By: /s/ *Erich O. Grosz* <br> Erich O. Grosz |
| | Counsel for Defendant <br> THOMAS PETER ATHAN |

## **ATTESTATION**

I, Christopher J. Cox, an ECF User whose ID and password are being used to file DEFENDANT AMERICAN INTERNATIONAL GROUP INC.'S MOTION TO TRANSFER VENUE TO S.D.N.Y PURUSANT TO 28 U.S.C. § 1404, in compliance with Civil L.R. 5-1(i)(3), hereby attest that all attorneys, have concurred with this filing.

| | |
|---|---|
| Dated: December 23, 2013 | WEIL, GOTSHAL & MANGES LLP |
| | By: /s/ *Christopher J. Cox* <br> Christopher J. Cox |
| | Counsel for Defendants <br> AMERICAN INTERNATIONAL GROUP, INC. and DAVID L. HERZOG |